

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**
Christopher S. Bond Courthouse
80 Lafayette Street, Suite 1212
Jefferson City, Missouri 65101
(573) 636-4015

Transfer of ☐ Criminal Case   or ☑ Magistrate Case
WDMO Case No.: 2:23-mj-03003-WJE        Case Title: USA v. Brian Scott McGee

Dear Sir/Madam:

**Pursuant to** ☑ **F.R.Cr.P. 5**   ☐ **F.R.Cr.P. 32**
☐ Attached are all public documents and the docket sheet.
☐ Certified copy of documents filed prior to November 1, 2004 and docket sheet.
☐ Not for public view document(s).
☐ Other

**Pursuant to F.R.Cr.P. 20**
☐ Attached are all public documents and the docket sheet.
☐ Certified copy of documents filed prior to November 1, 2004 and docket sheet.
☐ Not for public view document(s).
☐ Other

**Pursuant to 18 U.S.C. § 3605 Transfer of Jurisdiction**   ☐ Supervised Release   ☐ Probation
☐ Attached are the last charging document, the judgment and commitment, revocation orders (if any), and the docket sheet.
☐ Certified copy of documents filed prior to November 1, 2004 and docket sheet.
☐ Not for public view document(s).
☐ Other

Sincerely,

Paige Wymore-Wynn, Clerk of Court


By  s/ A. Geiser_____
        Deputy Clerk

---

**TO BE COMPLETED BY RECEIVING DISTRICT**

Please acknowledge receipt via e-mail to

Clerk, U.S. District Court

Date:_____        By: _____
                                                        Deputy Clerk

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| United States of America | ) | Case: 1:23-mj-00033 |
|---|---|---|
| v. | ) | Assigned to: Judge Meriweather, Robin M. |
| Brian Scott McGee | ) | Assign Date: 2/8/2023 |
| | ) | Description: COMPLAINT W/ ARREST WARRANT |
| Defendant | ) | |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*  Brian Scott McGee                                                                 ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☒ Complaint
☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1752(a)(1) - Entering and Remaining in a Restricted Building or Grounds,
18 U.S.C. § 1752(a)(2) - Disorderly and Disruptive Conduct in a Restricted Building or Grounds,
40 U.S.C. § 5104(e)(2)(D) - Disorderly Conduct in a Capitol Building or Grounds, and
40 U.S.C. § 5104(e)(2)(G) - Parading, Demonstrating, or Picketing in a Capitol Building.

Date: 02/08/2023

2023.02.08
12:37:23 -05'00'

*Issuing officer's signature*

City and state: Washington, D.C.

Robin M. Meriweather, U.S. Magistrate Judge
*Printed name and title*

---

**Return**

This warrant was received on *(date)* 02/08/2023, and the person was arrested on *(date)* 02/09/2023
at *(city and state)* JEFFERSON CITY, MO.

Date: 02/09/2023

*Arresting officer's signature*

PATRICK T. CASEY - SPECIAL AGENT
*Printed name and title*

UNITED STATES DISTRICT COURT
for the
District of Columbia

| United States of America | ) | |
|---|---|---|
| v. | ) | Case: 1:23-mj-00033 |
| Brian Scott McGee, (DOB: ▮) | ) | Assigned to: Judge Meriweather, Robin M. |
| Jeremy Christian Harrison, (DOB: ▮) | ) | Assign Date: 2/8/2023 |
| | ) | Description: COMPLAINT W/ ARREST WARRANT |
| | ) | |
| | ) | |
| Defendant(s) | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __January 6, 2021__ in the county of _____ in the
_____ in the District of __Columbia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|

18 U.S.C. § 1752(a)(1) - Entering and Remaining in a Restricted Building or Grounds,
18 U.S.C. § 1752(a)(2) - Disorderly and Disruptive Conduct in a Restricted Building or Grounds,
40 U.S.C. § 5104(e)(2)(D) - Disorderly Conduct in a Capitol Building or Grounds, and
40 U.S.C. § 5104(e)(2)(G) - Parading, Demonstrating, or Picketing in a Capitol Building.

This criminal complaint is based on these facts:
See attached statement of facts.

☒ Continued on the attached sheet.

▮▮▮▮▮▮▮▮▮
Complainant's signature

▮▮▮▮▮▮, Special Agent
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: __02/08/2023__

City and state: __Washington, D.C.__

2023.02.08 13:32:00 -05'00'
Judge's signature

Robin M. Meriweather, U.S. Magistrate Judge
Printed name and title

**STATEMENT OF FACTS**

Your affiant, ███████████, is a Special Agent assigned to the Jefferson City Resident Agency of the Kansas City Division of the Federal Bureau of Investigation. In my duties as a Special Agent, I investigate criminal activity in violation of Federal law, International Terrorism and Domestic Terrorism. Currently, I am tasked with investigating criminal activity in and around the U.S. Capitol grounds on January 6, 2021. As a Special Agent, I am authorized by law or by a Government agency to engage in or supervise the prevention, detection, investigation, or prosecution of a violation of Federal criminal laws.

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification were allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

### *Evidence Linking BRIAN SCOTT MCGEE to the U.S. Capitol on January 6*

According to records obtained through a search warrant served on Google, a mobile device attributed to Google accounts associated with BRIAN SCOTT MCGEE was present at the U.S. Capitol on January 6, 2021.[1]  According to Google, the device was inside the U.S. Capitol on January 6, 2021 from 2:24:06 PM until 2:28:05 PM.

Further, pursuant to an authorized search warrant, law enforcement obtained records from AT&T for cell towers providing service to the U.S. Capitol.  Cellular telephone number (XXX) XXX-▮▮▮▮, previously attributed to MCGEE as a result of the abovementioned Google search warrant, was identified within the restricted area of the U.S. Capitol on January 6, 2021.  More specifically, the device bearing the number attributed to MCGEE was identified as having utilized a cell site consistent with providing service to the geographic area that includes the interior of the U.S. Capitol building in and around the time of the incident.

Your affiant obtained a copy of MCGEE's driver's license photo and compared it to Capitol CCTV video and still images.  MCGEE was identified by your affiant on U.S. Capitol video surveillance entering the U.S. Capitol building through the Senate Wing Doors located on the northwest side of the building.  MCGEE was inside the building for approximately one minute and fifty-one seconds beginning at approximately 2:24 p.m.  MCGEE spoke with one other individual, later identified as JEREMY CHRISTIAN HARRISON, while inside the building but conducted no other activities.  MCGEE departed the U.S. Capitol through the same door that he entered.

On October 27, 2021, your affiant interviewed Witness 1 of the Missouri National Guard (MONG). Witness 1 is one of MCGEE'S former supervisors while MCGEE was in the MONG and is therefore personally familiar with MCGEE.  Witness 1 was shown U.S. Capitol CCTV surveillance images taken during the riot that occurred there on January 06, 2021. Witness 1 looked at the images and identified MCGEE as the person in them.

On October 28, 2021, your affiant interviewed Witness 2 of the Columbia Regional Airport Safety Department. Witness 2 is personally familiar with MCGEE because MCGEE occasionally works at the Columbia Regional Airport. Witness 2 was shown U.S. Capitol CCTV surveillance

---

[1]   Google estimates device location using sources including GPS data and information about nearby Wi-Fi access points and Bluetooth beacons.  This location data varies in its accuracy, depending on the source(s) of the data.  As a result, Google assigns a "maps display radius" for each location data point.  Thus, where Google estimates that its location data is accurate to within 10 meters, Google assigns a "maps display radius" of 10 meters to the location data point.  Finally, Google reports that its "maps display radius" reflects the actual location of the covered device approximately 68% of the time.

video and images taken during the riot that occurred there on January 06, 2021. Witness 2 looked at the video and images and identified MCGEE as the person in them.

On October 28, 2021, your affiant interviewed Witness 3, who is MCGEE's former supervisor at the Federal Aviation Administration Tech Operations Office. Witness 3 was shown U.S. Capitol CCTV surveillance video and images taken during the riot that occurred there on January 06, 2021. Witness 3 looked at the video and images and identified MCGEE as the person in them.

On August 04, 2021, MCGEE was contacted by telephone at telephone number (XXX) XXX-▓▓▓▓ in order to schedule an in-person interview. MCGEE advised that he was out of state and would not be back for several days. MCGEE was questioned regarding his entry into the U.S. Capitol on January 6, 2021. MCGEE travelled to Washington D.C. to attend the "Stop the Steal" rally. MCGEE was initially going to bring a large American flag to the rally but brought a smaller flag so that he would not disrupt any of the other rally attendees. MCGEE said that he heard people in the crowd saying that U.S. Capitol police officers were allowing people to enter the U. S. Capitol building. MCGEE further claimed that he observed four or five U.S. Capitol police officers wearing riot gear gesture for people to enter the U.S. Capitol and fist bumping them as they walked by. MCGEE observed these police officers from a distance of approximately twenty feet or so but MCGEE did not interact directly with them. A review of Capitol CCTV in the area where MCGEE entered the Capitol does not corroborate MCGEE's statement that police waved rioters into the building and fist-bumped them as they entered.

On February 14, 2022, MCGEE was interviewed by your affiant and shown still photos taken from U.S. Capitol surveillance video. MCGEE identified himself, wearing a red hat and having a small U.S. flag, as one of the individuals in the surveillance video that unlawfully entered the Capitol. McGee subsequently provided the clothing that he was wearing on January 06, 2021, to his attorney who allowed your affiant to photograph it.

Below are screen captures from U.S. Capitol surveillance video of MCGEE'S entry into the U.S. Capitol on January 6, 2021.







*Evidence linking JEREMY CHRISTIAN HARRISON to the U.S. Capitol on January 6*

In his February 14, 2022, interview, MCGEE stated he had entered the Capitol with "Jeremy" and "▇▇▇." At the time of the interview, MCGEE was unaware of Jeremy and ▇▇▇'s last names but indicated that he had originally met them on-line and knew that they were from Florida.

FBI Kansas City reviewed call detail records that were obtained by legal process for telephone number XXX-XXX-▇▇ which was attributed to MCGEE. On January 6, 2021 telephone number XXX-XXX-▇▇ connected approximately four times with telephone number XXX-XXX-▇▇. Based on a database search, telephone number XXX-XXX-▇▇ was attributed to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. HARRISON and ▇▇▇ life in Hernando, Florida.

FBI Jacksonville/Ocala Resident Agency located and conducted an interview with JEREMY CHRISTIAN HARRISON on June 30, 2022. Jeremy stated that he and ▇▇▇ met with MCGEE at the Crystal City Marriott in Washington, D.C. HARRISON admitted to entering the U.S. Capitol on January 6, 2021. HARRISON was shown still photographs taken from the U.S. Capitol surveillance video and identified himself in the photographs wearing a dark blue t-shirt. HARRISON further stated that, before he entered the Capitol building, he saw a person in tactical gear whom he believed to be law enforcement, though he did not recall seeing insignia or a badge, directing people inside the building. Once he entered the building, HARRISON recalled seeing police inside the building appearing to block off one area but allowing people to continue to another area. HARRISON stated that he thought it was "ok" to be inside the Capitol building at first, but then noticed the "chaos" and heard people screaming and therefore decided to leave the building.

 was also interviewed. ▮ stated that ▮ was with MCGEE and HARRISON on the grounds of the Capitol on January 6, 2021, but that ▮ did not enter the Capitol building with them. was shown the screenshots below from U.S. Capitol CCTV surveillance video and ▮ positively identified HARRISON in those images.

On August 4, 2022, HARRISON met with FBI Jacksonville agents and provided the dark blue t-shirt as evidence.

Below are screen captures from U.S. Capitol surveillance video of HARRISON's entry into the U.S. Capitol on January 6, 2021. MCGEE is also visible in these images.





FBI Jacksonville agents, having met with HARRISON in person, have identified the person highlighted in red boxes in the images above as JEREMY CHRISTIAN HARRISON.

Based on the foregoing, your affiant submits that there is probable cause to believe that BRIAN SCOTT MCGEE and JEREMY CHRISTIAN HARRISON violated 18 U.S.C. § 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; or attempts or conspires to do so. For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Your affiant submits there is also probable cause to believe that BRIAN SCOTT MCGEE and JEREMY CHRISTIAN HARRISON violated 40 U.S.C. § 5104(e)(2)(D) and (G), which make it a crime to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations

of, a committee of Congress or either House of Congress; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 8th day of February 2023.

2023.02.08
12:40:58
-05'00'

ROBIN M. MERIWEATHER
U.S. MAGISTRATE JUDGE

AO 466A (Rev. 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
Western District of Missouri

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No. 1:23-mj-00033 |
| Brian Scott McGee | ) |
| Defendant | ) Charging District's Case No. |

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* District of Columbia

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5) a hearing on any motion by the government for detention;

(6) request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒ an identity hearing and production of the warrant.

☒ a preliminary hearing.

☐ a detention hearing.

☒ an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my ☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 2/9/23

*Defendant's signature*

*Signature of defendant's attorney*

David Dodson
*Printed name of defendant's attorney*

AO 199A (Rev. 06/19) Order Setting Conditions of Release                                                                 Page 1 of 4 Pages

# UNITED STATES DISTRICT COURT
for the
Western District of Missouri

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No. |
| | ) 02:23-mj-03003-WJE |
| BRIAN SCOTT MCGEE | ) |
| *Defendant* | ) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)   The defendant must not violate federal, state, or local law while on release.

(2)   The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3)   The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)   The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

   The defendant must appear at:

                                                                *Place*

   on
                                                         *Date and Time*
   If blank, defendant will be notified of next appearance.

(5)   The defendant must sign an Appearance Bond, if ordered.

Case 2:23-mj-03003-WJE   Document 5   Filed 02/09/23   Page 1 of 4
Case 2:23-mj-03003-WJE   Document 8-1   Filed 02/09/23   Page 15 of 23

15

AO 199B (Rev. 10/20) Additional Conditions of Release                                                                                           Page 2 of 4 Pages

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ☐ ) (6) The defendant is placed in the custody of:

Person or organization _____
Address (only if above is an organization) _____
City and state _____ Tel. No. _____

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____   _____
              *Custodian*                                                   *Date*

(☒) (7) The defendant must:
  (☒) (a) submit to supervision by and report for supervision to the pretrial services office as directed _____,
           telephone number _____, no later than _____.
  (☐) (b) continue or actively seek employment.
  (☐) (c) continue or start an education program.
  (☒) (d) surrender any passport to: the pretrial services office as directed.
  (☒) (e) not obtain a passport or other international travel document.
  (☒) (f) abide by the following restrictions on personal association, residence, or travel:

  The defendant shall not travel outside the state of Missouri without prior permission from his supervising officer. Travel to District of Columbia for Court purposes is permissible.

  (☒) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:

  any codefendants charged in the instant case as well as related cases.

  (☐) (h) get medical or psychiatric treatment:

  (☐) (i) return to custody each _____ at ____ o'clock after being released at ____ o'clock for employment, schooling, or the following purposes:

  (☐) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
  (☒) (k) not possess a firearm, destructive device, or other weapon.
  (☐) (l) not use alcohol (☐) at all (☐) excessively.
  (☐) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
  (☐) (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
  (☐) (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services or supervising officer.
  (☐) (p) participate in one of the following location restriction programs and comply with its requirements as directed.
       (☐)   (i)    **Curfew.** You are restricted to your residence every day (☐) from _____ to _____, or (☐) as directed by the pretrial services office or supervising officer; or
       (☐)   (ii)   **Home Detention.** You are restricted to your residence at all times except for employment; education; religious service; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
       (☐)   (iii)  **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court; or
                    **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However, you
       (☐)   (iv)   must comply with the location or travel restrictions as imposed by the court.
                    **Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.
  (☐)(q) submit to the following location monitoring technology and comply with its requirements as directed:
       (☐)   (i)    Location monitoring technology as directed by the pretrial services or supervising officer; or
       (☐)   (i)    Voice Recognition; or
       (☐)   (i)    Radio Frequency; or
       (☐)   (i)    GPS.

AO 199B (Rev. 10/20) Additional Conditions of Release                                                                                                          Page 3 of 4 Pages

( ☐ ) (r) pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.
( ☒ ) (s) report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.
( ☐ ) (t) _____

AO 199C (Rev. 09/08) Advice of Penalties                                                                                          Page 4 of 4 Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

    Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

    While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i. e., in addition to) to any other sentence you receive.

    It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

    If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

    I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

Jeff City, MO
_____
*City and State*

### Directions to the United States Marshal

(☒) The defendant is ORDERED released after processing.
(☐) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____02/09/2023_____     _____*Willie J. Epps, Jr.*_____
                                                                          *Judicial Officer's Signature*

                                          Willie J. Epps, Jr., U.S. Magistrate Judge
                                                                *Printed name and title*

DISTRIBUTION:     COURT     DEFENDANT     PRETRIAL SERVICE     U.S. ATTORNEY     U.S. MARSHAL

# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Western District of Missouri, |
| | ) | Case No. 2:23-mj-03003-WJE |
| v. | ) | |
| | ) | District of Columbia, |
| BRIAN SCOTT MCGEE, | ) | Case No. 1:23-mj-00033 |
| | ) | |
| Defendant. | ) | |

## ORDER

On February 9, 2023, Defendant Brian Scott McGee appeared with appointed counsel on the above case on a warrant issued by the United States District Court for the District of Columbia. Defendant intentionally, knowingly, and voluntarily waived an identity, preliminary, and detention hearing in this District as indicated in the signed waiver.

IT IS, THEREFORE, ORDERED that the Conditions of Release entered on February 9, 2023, releasing the defendant on bond remain in full force and effect, and the defendant is directed to appear at 1:00pm EST on February 21, 2023, in the United States District Court for the District of Columbia via video teleconference unless otherwise ordered by a judge of the United States District Court for the District of Columbia.

Dated this 9th day of February 2023, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge

CLOSED

# U.S. District Court
# Western District of Missouri (Jefferson City)
# CRIMINAL DOCKET FOR CASE #: 2:23−mj−03003−WJE−1

Case title: USA v. McGee

Date Filed: 02/09/2023

Date Terminated: 02/09/2023

Assigned to: Magistrate Judge Willie J. Epps, Jr

**Defendant (1)**

**Brian Scott McGee**  
*TERMINATED: 02/09/2023*

represented by **Daniel J. Dodson**  
Dodson & Waters LLC  
212 Lafayette Street  
Jefferson City, MO 65101  
573−636−9200  
Fax: 573−636−9288  
Email: dd@danieldodson.net  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
*Designation: Retained*  
*Bar Status: Active*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18:1752.P | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Lauren E. Kummerer**<br>United States Attorney's Office−JCMO<br>80 Lafayette Street<br>Suite 2100<br>Jefferson City, MO 65101<br>(573) 634−2839<br>Fax: (573) 634−8723<br>Email: lauren.kummerer@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant US Attorney*<br>*Bar Status: Active*<br><br>**Michael Scott Oliver**<br>United States Attorney's Office−JCMO<br>80 Lafayette Street<br>Suite 2100<br>Jefferson City, MO 65101<br>(573) 634−6539<br>Fax: (573) 634−8723<br>Email: michael.oliver@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant US Attorney*<br>*Bar Status: Active* |

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/09/2023 | 1 | | RULE 5 as to Brian McGee (1). (Attachments: # 1 Affidavit) (Geiser, Angel) (Entered: 02/09/2023) |
| 02/09/2023 | 2 | | NOTICE OF HEARING as to Brian Scott McGee. This is the official notice for this hearing. Initial Appearance − Rule 5 and Removal/Identity Hearing set for 2/9/2023 01:30 PM in Courtroom 3A, Jefferson City (WJE) before Magistrate Judge Willie J. Epps, Jr. Signed on 02/09/2023 by Magistrate Judge Willie J. Epps, Jr. This is a TEXT ONLY ENTRY. No document is attached. (Geiser, Angel) (Entered: 02/09/2023) |
| 02/09/2023 | 3 | | ARREST WARRANT RETURNED EXECUTED on 02/09/2023 as to Brian Scott McGee. **Pursuant to the E−Government Act and Federal Rules of Criminal Procedure 49.1(a), access to this document is restricted to case participants and the court.** (Berner, Crystal) (Entered: 02/09/2023) |
| 02/09/2023 | 4 | | ORDER directing Defendant to appear in the District of of Columbia as to Brian Scott McGee. Signed on 2/9/2023 by Magistrate Judge Willie J. Epps, Jr.(Minkler, Kaitlin) (Entered: 02/09/2023) |
| 02/09/2023 | 5 | | ORDER setting conditions of release as to Brian Scott McGee. Signed on 2/9/2023 by Magistrate Judge Willie J. Epps, Jr.(Warren, Melissa) (Entered: 02/09/2023) |
| 02/09/2023 | 6 | | |

| | | | |
|---|---|---|---|
| | | | Minute Entry for proceedings held before Magistrate Judge Willie J. Epps, Jr: INITIAL APPEARANCE in Rule 5(c)(3) Proceedings as to Brian Scott McGee held on 2/9/2023. Defendant informed of rights. Attorney Dan Dodson enters his appearance and agrees to represent the defendant in this matter.<br><br>Defendant is charged by way of complaint out of the U.S. District Court for the District of Columbia, case number 1:23−mj−00033. Charges and penalties summarized for the defendant. Defendant waives removal hearing and further affirms that he has executed a waiver in this district.<br><br>The Government is not seeking detention at this time. The Court reviews conditions of release with the defendant. Defendant is released on said conditions. Defendant shall next appear on Tuesday, February 21, 2023, at 1:00 p.m. EST in the District of Columbia via Zoom video conference. The video conference instructions will be provided to counsel. Written Order forthcoming.<br><br>Counsel appearing for USA: Mike Oliver. Counsel appearing for Defendant: Dan Dodson. Pretrial/Probation Officer: Dylan Nance. Time in court: 1:37 pm to 1:49 pm. To order a transcript of this hearing please contact Angel Geiser, 573−556−7564. This is a TEXT ONLY ENTRY. No document is attached. (Geiser, Angel) (Entered: 02/09/2023) |
| 02/09/2023 | 7 | | WAIVER of Rule 5(c)(3) Hearings by Brian Scott McGee. (Geiser, Angel) (Entered: 02/09/2023) |
| 02/09/2023 | | | ORAL ORDER as to Brian Scott McGee. Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence−−that is, evidence that favors the defendant or casts doubt on the United States' case−−as required by Brady v. Maryland and its progeny, and orders the United States to do so. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court. Signed on 02/09/2023 by Magistrate Judge Willie J. Epps, Jr. This is a TEXT ONLY ENTRY. No document is attached. (Geiser, Angel) (Entered: 02/09/2023) |