UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | )   USDC No. 23-cr-96 (RDM) |
| Brian McGee,     *defendant*. | ) |

UNOPPOSED MOTION TO VACATE IN-PERSON SENTENCING
AND TO PERMIT HEARING BY TELECONFERENCE

    Defendant, through undersigned counsel Nathan I. Silver, II, Esq. ("counsel"), appointed by this Court under the Criminal Justice Act, with no opposition from the United States, respectfully moves the Court to vacate its order of in-person sentencing scheduled for Oct. 13, 2023, at 11 o'clock a.m., and to schedule the hearing by videoteleconference.  The reasons follows

    1. The defendant has been on release on his own recognizance under "USDC General Supervision" since his initial appearance, and continued on the same terms following his guilty plea to the offense of demonstrating in the U.S. Capitol building, a violation of 40 U.S.C. §5104(e)(2)(G), a petty offense and a class C misdemeanor. Defendant has complied with the conditions of his release during his supervision by Pretrial Services Agency in the Western federal district in his home state of Missouri. (*See* ECF Doc. 30, the most recent Status Report of Pretrial Services Agency, dated June 30, 2023)

    2.  The defendant has previously appeared remotely for all hearings.

    Defendant in his plea agreement waived, pursuant to the CARES Act, §15000(b)(4) (Pub.L. 116-136), his right to be present for court appearances. (ECF Doc. 25, "Waivers," ¶9(E)) This was a condition of the plea agreement itself.

3.  Defendant relies on Fed.R.Crim.Proc. 43(b)(2), "Defendant's Presence," in support of his request. It provides, "When Not Required. A defendant need not be present under any of the following circumstances:(2) Misdemeanor Offense. The offense is punishable by fine or by imprisonment for not more than one year, or both, and with the defendant's written consent, the court permits arraignment, plea, trial, and sentencing to occur by video teleconferencing or in the defendant's absence."

4. Moreover, defendant's Plea Agreement includes defendant's waiver of in-person appearances from presentment through sentencing under the Cares Act and even waived his right to *demand* an in-person hearing. (*See* ECF Doc. 31, Section F, page 5, "Hearings by Video Teleconference And/Or Teleconference)

5. Defendant is charged in a four-count Information which alleges misdemeanors only, the kinds of crimes the Rule countenances. The remaining three counts will be dismissed at sentencing, per the Plea Agreement.

6.  Defendant submits that the rule, by using the introductory phrase "when not required" allows the defendant to elect to appear either remotely (by video conferencing) or not at all. The role of the Court, in the defendant's reading, is to ensure, by requiring a *written* consent, that the defendant has knowingly and voluntarily waived, without coercion or promise of benefit from anyone, the right to be present for any or all of the court proceedings in a misdemeanor criminal case. Once the Court satisfies itself that the defendant has made such a waiver, then the defendant may appear either by teleconference or not at all.  A written consent already exists, in the Plea Agreement itself.

7. Defendant advises the Court that an in-person appearance will also work a personal financial hardship on him. Defendant is retired and relies on a pension to support himself and his wife. Per the Plea Agreement, he must make payments of $500 in restitution and $10 for the special assessment. In this light, a hearing conducted remotely will relieve the defendant of the expense of travel to and from the District of Columbia, along with meals and hotel accommodations. This could easily mount to $1,000 or more.

8. The defendant is eligible for self-surrender to the U.S. Bureau of Prisons in the event the Court sentences him to a period of incarceration. An in-person sentencing is, of course, necessary when a defendant is not eligible for self-surrender. Defendant understands his obligation to comply with all Court orders, just as he has during his period of pretrial (and now presentence) release, and the serious consequences that could result from a failure to self-surrender. As it is unlikely that the Court would order the U.S. Marshal's Service to take the defendant into custody even if the Court imposes a period of incarceration, having the defendant appear in person would not serve the purpose of effectuating immediate incarceration.[1]

9. The Defendant adverts this Court to the case of *United States v. Carrie Williams,* #21-cr-248-03, in which this Court permitted the defendant and her codefendants to appear remotely for sentencing. Ms. Williams and codefendant Tyrone McFadden, who resided together in Baltimore, Maryland, were permitted to appear remotely for their sentencings.

10. The government does not oppose a remote hearing.

A proposed Order is attached.

---

[1] A third defendant, Aaron Mileur, resided in Alaska; his attendance would have created considerable financial hardship. A similarity of that case with the instant one is that the defendants all spent very little time inside the Capitol after entering (in the Williams case, about four to five minutes, in the instant one about two minutes) and did not act violently toward persons or destructively, factors the Court may consider as favorable for self-surrender.

WHEREFORE, the defendant respectfully moves the Court to grant said relief.

This pleading is,

Respectfully submitted,

/s/

NATHAN I. SILVER, II
Unified Bar #944314
6300 Orchid Drive
Bethesda, MD 20817
(301) 229-0189 (direct)
(301) 229-3625 (fax)
email: nisquire@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served via ECF on Melanie Kreb-Pilotti, Esq., U.S. Attorney's Office, DOJ-ATR, 450 Fifth St., N.W., Suite 1108, attorney of record for the United States, this 3rd day of August, 2023.

/s/
_____
*Nathan I. Silver, II*