UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America ) | |
| ) | |
| v.       ) | USDC No. 23-cr-96 (RDM) |
| Brian McGee,    *defendant*.   ) | |

MOTION TO CONVERT INTERMITTENT CONFINEMENT
TO HOME DETENTION AND TO STAY DEFENDANT'S REQUIREMENT
TO REPORT TO SERVE TERM OF INTERMITTENT CONFINEMENT

Defendant, through undersigned counsel Nathan I. Silver, II, Esq. ("counsel"), appointed by this Court under the Criminal Justice Act, with no opposition from the United States, respectfully moves the Court to modify the sentence imposed on November 9, 2023, and to stay defendant's requirement to report to serve his term of intermittent confinement. The reasons follows

1. The Court imposed a sentence of three (3) years probation with the condition that he serve seven (7) days of intermittent confinement. (Doc. 57, page 4, "Special Condition of Probation)  The sentence followed placed the defendant's earlier guilty plea to the offense of demonstrating in the U.S. Capitol building, a violation of 40 U.S.C. §5104(e)(2)(G), a petty offense and a class C misdemeanor.

2. The defendant has met with and put counsel in contact with his probation officer, (573) 469-2258 Jordan Basinger with U.S. Probation in Missouri, who is supervising him while he is on probation.[1] This Court, though, has retained jurisdiction of the case.

3. Off. Basinger has advised counsel that his district is not able to effectuate this Court's order of intermittent confinement.  He says that procedures are not in place to do so.  He added

---

[1] Mr. Bassinger may be reached at (573) 469-2258.

(1) that U.S. Probation does not have the authority without a court order to substitute home detention for intermittent confinement, and (2) if counsel understands Ofc. Basinger correctly, even if jurisdiction were transferred to his district, the Court in Missouri, including the U.S. Marshal's Service, would not be able to arrange for such confinement.[2]

    4. The defendant, through counsel, has discussed this problem with the government, sought its position on the defendant's request to convert intermittent confinement to home detention, and provided Mr. Basinger's contact information so that it may make its own inquiry. The government advised the defendant, through counsel, by email on December 13, 2023, that it has brought this issue to its supervisors so they may confer with U.S. Probation regarding it. Defendant makes no other representations regarding the government's position.

    5. In the circumstances, the defendant seeks conversion of seven (7) days of home confinement to thirty (30) days of home detention. This would be the same period of time the Court imposed as a condition of probation for codefendant Jeremy Harrison. Considering that the defendant's probation is for three years, and Mr. Harrison's is for two, representing the different views the Court has for appropriate sentences for the two men, a period of thirty days home detention would serve a suitable punitive purpose. The defendant reminds the Court that he had an unblemished record of compliance with his release conditions up through sentencing, that he appears to have complied completely so far with his probation conditions, and has shown respect for the Court and its orders throughout.

    6. The defendant further moves the Court to stay his requirement to report for service of home confinement until the Court is able to resolve the issue presented.

---

[2] Counsel spoke with Mr. Basinger on November 16, 2023, a week after the sentencing. Counsel is attempting to reach him to confirm the above information. If any of it is incorrect, counsel will file an erratum.

WHEREFORE, the defendant moves the Court to grant said relief.

A proposed Order is attached.

WHEREFORE, the defendant respectfully moves the Court to grant said relief.

This pleading is,

Respectfully submitted,

/s/

NATHAN I. SILVER, II
Unified Bar #944314
6300 Orchid Drive
Bethesda, MD 20817
(301) 229-0189 (direct)
(301) 229-3625 (fax)
email: nisquire@aol.com


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served via ECF on Melanie Kreb-Pilotti, Esq., U.S. Attorney's Office, DOJ-ATR, 450 Fifth St., N.W., Suite 1108, attorney of record for the United States, this 14th day of December, 2023.

/s/
_____
*Nathan I. Silver, II*