UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-CR-96 (RDM) |
| | : | |
| BRIAN SCOTT MCGEE, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CONVERT INTERMITTENT CONFINEMENT TO HOME DETENTION**

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Response in Opposition to Defendant Brian Scott McGee's ("McGee") Motion to Convert Intermittent Confinement to Home Detention. ECF 59.

The Court should deny Defendant McGee's motion as premature. The government is currently attempting to coordinate with the U.S. Probation Office and the Bureau of Prisons to implement the Court's original and intended sentence in this case.

**FACTUAL BACKGROUND AND PROCEDURAL POSTURE**

On June 23, 2023, McGee pleaded guilty to Count Four of the Information, charging him with a violation of 40 U.S.C. § 5104(e)(2)(G), Parading, Demonstrating, or Picketing in a Capitol Building. ECF 31. This offense is a Class B misdemeanor. 18 U.S.C. § 3559. On November 8, 2023, this Court sentenced McGee to a term of 36 months of probation and 7 days of intermittent confinement as a condition of probation.

In mid-November 2023, defense counsel informed the government that the Probation Office in Missouri had indicated that its administrative rules would not permit it to impose the 7-day period of intermittent incarceration. The government confirmed defense counsel's

1

representations with the Probation Office in Missouri, and soon after began engaging with the Probation Office and the Bureau of Prisons to address the implementation of the Court's sentencing order.

As this Court explicitly noted at McGee's sentencing hearing, McGee presents a risk of recidivism and a safety threat to the community, and a period of incarceration is necessary to ensure that he does not engage in future crimes. Conversion of his sentence from intermittent incarceration to a less restrictive sentence of home detention would literally undermine this Court's proper goals of specific and general deterrence, and the need to protect the public. 18 U.S.C. § 3553(a)(2)(B-C), *United States v. Russell*, 600 F.3d 631, 637 (D.C. Cir. 2010).

McGee entered the U.S. Capitol on January 6, 2021. For many months after the attack on the U.S. Capitol, McGee posted thousands of times on Gab.com, bragging about his participation in the attack on the Capitol, and advocating for widescale violence against politicians who do not share his political views or "liberals would stand in the way." McGee repeatedly posted that he was "awaiting orders" to return to Washington, D.C., stating that any operation to remove the Biden Administration had to be "massive" ("Onsey, twosey will get you labeled as a 'domestic terrorist' and taken out. It has to be massive organization.") He repeatedly posted that next time he would come to D.C., he was prepared to come "locked and loaded." *See Gov't Sentencing Memoranda,* ECF 44.

Throughout the pendency of this case, McGee has expressed no remorse for his actions. Even in his letter submitted to the Court just prior to the sentencing hearing, McGee minimized his conduct, blaming police officers for not personally warning him that his entry was prohibited. Making clear his disdain for this case, McGee asked the Court for "leniency or outright dismissal of the charges." ECF 50-1.

The public safety risks posed by McGee are significant, and the Court's sentence in this case was carefully crafted to help ensure McGee does not act on his violent threats. The government is engaging with the Probation Office to ensure compliance with the Court's order in this case. These efforts are ongoing, and converting the sentence to a period of home detention is premature and would undercut the entire thrust of the Court's sentencing package.

## Conclusion

For these reasons, the government respectfully requests that the Court deny McGee's motion to convert his sentence.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:

_____
MELANIE KREBS-PILOTTI
Antitrust Division, Trial Attorney
Detailed to USAO-DC
CA Bar No. 241484
601 D Street, N.W.
Washington, D.C. 20530
Telephone No. 202-870-7457
Email: melanie.krebs-pilotti2@usdoj.gov