UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-CR-96 (RDM) |
| | : | |
| BRIAN SCOTT MCGEE, | : | |
| | : | |
| Defendant. | : | |

**JOINT STATUS REPORT ON IMPLEMENTATION OF DEFENDANT'S SEVEN-DAY PERIOD OF INTERMITTANT CONFINEMENT AS A CONDITION OF PROBATION**

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, and Nathan Silver, counsel for Defendant Brian Scott McGee ("McGee"), respectfully submit this Joint Status Report on the government's efforts to implement the Court's original sentence in this case.

**PROCEDURAL POSTURE**

On June 23, 2023, McGee pleaded guilty to Count Four of the Information, charging him with a violation of 40 U.S.C. § 5104(e)(2)(G), Parading, Demonstrating, or Picketing in a Capitol Building. ECF 31. 18 U.S.C. § 3559. On November 8, 2023, this Court sentenced McGee to a term of 36 months of probation and 7 days of intermittent confinement as a condition of probation.

In mid-November 2023, defense counsel informed the government that the U.S. Probation Office in Missouri had indicated that its administrative rules would not permit it to impose the 7-day period of intermittent incarceration. On December 14, 2023, McGee filed a motion to convert intermittent confinement to home detention. ECF 59. The government opposed McGee's motion, arguing that the motion was premature and advising that it was working with the U.S. Probation Office to implement the period of intermittent confinement. ECF 60. On December 19, 2023, the Court ordered the parties to submit a joint status report updating the Court on the government's

1

efforts to coordinate with the U.S. Probation Office and the U.S. Bureau of Prisons to implement the court's original sentence.

## STATUS UPDATE

In its efforts to implement the 7-day period of intermittent confinement, the USAO-DC coordinated with U.S. Probation, and the U.S. Marshals Services in Missouri and the District of Columbia.

USAO-DC contacted local facilities in Missouri to ascertain whether McGee could be designated to those facilities pursuant to existing government contracts. USAO-DC learned that at least two local facilities have contracts with U.S. Marshals to serve as designated holdover facilities for federal inmates.

USAO-DC further learned from the U.S. Marshals Service that the defendant has not yet been designated to the U.S. Marshals, in order that an appropriate facility be located. Once U.S. Probation makes the designation request, the Marshals Service and the Bureau of Prisons will coordinate and make the appropriate designation quickly.

USAO-DC has followed up with U.S. Probation and requested that it initiate the process with U.S. Marshals and Bureau of Prisons to designate a facility for McGee and compute his sentence, and U.S. Probation indicated that it has done so. USAO-DC will submit a further status report within two weeks with respect to whether McGee can be designated to a facility to serve a period of intermittent confinement.

## Conclusion

The government has made significant efforts to implement the 7-day period of intermittent confinement for McGee, and these efforts are ongoing. The government requests that the Court allow the government two additional weeks to provide a definitive answer of how it plans to

implement the original sentence in this case. Defense counsel does not oppose the government's request.

Respectfully submitted,

For the Government:

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     /s/
MELANIE KREBS-PILOTTI
Antitrust Division, Trial Attorney
Detailed to USAO-DC
CA Bar No. 241484
601 D Street, N.W.
Washington, D.C. 20530
Telephone No. 202-870-7457
Email: melanie.krebs-pilotti2@usdoj.gov

For the Defendant:

   /s/
NATHAN I SILVER, II
Unified Bar # 944314
6300 Orchid Drive
Bethesda, MD 20817
(301) 229-0189 (direct)
(301) 229-3625 (fax)
email: nisquire@aol.com