UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 23-CR-96 (RDM) |
| : | |
| BRIAN SCOTT MCGEE, : | |
| : | |
| Defendant. : | |

**JOINT STATUS REPORT ON IMPLEMENTATION OF DEFENDANT'S SEVEN-DAY PERIOD OF INTERMITTENT CONFINEMENT AS A CONDITION OF PROBATION**

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, and Nathan Silver, counsel for Defendant Brian Scott McGee ("McGee"), respectfully submit this Joint Status Report on the parties' efforts to implement the Court's original sentence in this case.

**PROCEDURAL POSTURE**

On June 23, 2023, McGee pleaded guilty to Count Four of the Information, charging him with a violation of 40 U.S.C. § 5104(e)(2)(G), Parading, Demonstrating, or Picketing in a Capitol Building. ECF 31. On November 8, 2023, this Court sentenced McGee to a term of 36 months of probation and 7 days of intermittent confinement as a condition of probation. The U.S. Probation Office in Missouri later indicated that its administrative rules would not permit it to impose the 7-day period of intermittent incarceration, and McGee filed a motion to convert the intermittent confinement to home detention. ECF 59. The parties subsequently submitted Joint Status Reports updating the Court on their efforts to assist U.S. Probation and Federal Bureau of Prisons (BOP) in implementing the 7-day period of intermittent confinement for McGee. ECF 62, 63.

1

**STATUS UPDATE**

In the period since the filing of the last status report, U.S. Probation has been in communication with a BOP Residential Reentry Manager (RRM) and determined that McGee will serve his 7 days of intermittent confinement at the Green County Jail in Springfield, Missouri. The U.S. Probation Officer informed that parties that he has been in communication with McGee and is now waiting on McGee to select dates to serve the intermittent confinement. The Officer also advised the parties that McGee expressed interest in delaying the date to begin serving the intermittent confinement.

The government raised with defense counsel its concerns that McGee would seek to delay serving the period of intermittent confinement. Defense counsel subsequently advised McGee to provide the U.S. Probation Officer with dates to start the process of serving the intermittent confinement.

**CONCLUSION**

As soon as McGee informs U.S. Probation of the dates he is available to serve the 7 days of intermittent confinement, U.S. Probation will work with BOP's Residential Reentry Manager to schedule McGee's confinement at the Green County Jail in Springfield, Missouri. The government will alert the Court if there is unnecessary delay in McGee's selection of dates or if the dates selected are not reasonable.

Respectfully submitted,

For the Government:

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     /s/_____
     MELANIE KREBS-PILOTTI
     Antitrust Division, Trial Attorney
     Detailed to USAO-DC
     CA Bar No. 241484
     601 D Street, N.W.
     Washington, D.C. 20530
     Telephone No. 202-870-7457
     Email: melanie.krebs-pilotti2@usdoj.gov

For the Defendant:

  /s/_____
NATHAN I SILVER, II
Unified Bar # 944314
6300 Orchid Drive
Bethesda, MD 20817
(301) 229-0189 (direct)
(301) 229-3625 (fax)
email: nisquire@aol.com

3